UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT E. SAUNDERS,

                                                DECISION AND ORDER

                        Plaintiff,

                                                19-CV-0270L

                v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On May 28, 2015, plaintiff, then forty-three years old, filed an application for supplemental security income, alleging disability beginning January 1, 2014. (Administrative Transcript, Dkt. #6 at 16). His application was initially denied. Plaintiff requested a hearing, which was held November 20, 2017 before Administrative Law Judge ("ALJ") Lynette Gohr. The ALJ issued an unfavorable decision on January 31, 2018. (Dkt. #6 at 16-28).That decision became the final decision of the Commissioner when the Appeals Council denied review on January 3, 2019. (Dkt. #6 at 1-4). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #8), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, which included treatment for chronic obstructive pulmonary disease ("COPD"), cerebellar tremor in upper extremities (greatest on the left side), schizophrenia, generalized anxiety disorder, panic disorder with agoraphobia, mood disorder, and bipolar disorder. (Dkt. #6 at 18). Applying the special technique for mental impairments, the ALJ found that plaintiff has mild limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; mild limitations in concentration, persistence and pace; and moderate limitations in adapting and managing himself. (Dkt. #6 at 19-20).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: can no more than occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; and can no more than occasionally balance, stoop, kneel, crouch and crawl. Plaintiff can occasionally reach overhead with both arms, and occasionally push and pull with both arms. He can frequently handle and finger with both arms and hands. He must avoid moderate or greater exposure to extreme heat,

cold, wetness, humidity, dust, doors, fumes and pulmonary irritants. Finally, he is limited to low stress jobs defined as involving only simple, routine tasks, simple work-related decisions and minimal changes in work routines and processes, with no more than occasional interaction with supervisors, coworkers and the public. (Dkt. #6 at 20-21).

At the hearing, the ALJ asked vocational expert Sugi Y. Komarov whether there were positions in the economy that a hypothetical individual with this RFC could perform. Ms. Komarov testified that such an individual could perform the representative sedentary positions of addresser, semiconductor bonder, and printed circuit layout taper. (Dkt. #6 at 28).

## I.     The Medical Opinions of Record

Plaintiff argues that the ALJ erred in assessing and incorporating two of the medical opinions of record: that of consulting physician Dr. Michael Rosenberg, and treating psychiatrist Dr. Israr Abbasi.

### A.     Dr. Rosenberg

Dr. Rosenberg examined plaintiff on August 27, 2015 to evaluate his exertional RFC. He opined that plaintiff had "moderate to severe" restrictions in performing overhead activity, pushing, pulling, reaching, and repetitively using his arms and hands. (Dkt. #6 at 1502). The ALJ, who granted Dr. Rosenberg's opinion "significant" weight due to the fact that it was "rendered by a doctor with program knowledge and it is consistent with the record as a whole," nonetheless found that plaintiff's RFC permitted him to occasionally reach overhead, push and pull with both arms and hands, and frequently finger and handle. (Dkt. #6 at 21).

A "severe" restriction in performing overhead activity, pushing, pulling and engaging in repetitive hand and finger motions is facially inconsistent with the "occasional" performance of such activities. *See, e.g.*, *Miller v. Commissioner*, 2020 U.S. Dist. LEXIS 40495 at *6 (W.D.N.Y.

2020)(remand required where ALJ failed to reconcile RFC finding permitting occasional use of hand controls and frequent reaching, handling and fingering with physician opinion, given "great weight," that described moderate lifting, carrying and overhead reaching limitations); *Gates v. Commissioner*, 2019 U.S. Dist. LEXIS 17487 at *14 (W.D.N.Y. 2019) (remand is appropriate where ALJ's RFC finding providing for occasional reaching overhead conflicted with treating physician's opinion, given "little" weight but largely undiscussed, that plaintiff had "significant" limitations in reaching, handling and fingering).

Moreover, as plaintiff points out, two of the positions identified by the vocational expert – addresser and circuit board layout taper – require, as defined in the Dictionary of Occupational Titles ("DOT"), frequent reaching, pushing and/or pulling in all directions, which conflicts with the ALJ's RFC determination that plaintiff can perform such functions only occasionally. *See e.g.*, *Burgess v. Colvin*, 2014 U.S. Dist. LEXIS 64472 at *34 (W.D.N.Y. 2014) (addresser job requires frequent reaching)(citing DOT 209.587-010); DOT 017.684-010 (printed circuit layout taper job requires frequent pushing and pulling). Given that these jobs comprised two of the three identified by the vocational expert, the ALJ's failure to resolve the apparent conflict between the vocational expert's testimony and the DOT cannot be said to be harmless error.

Where an ALJ declines to credit limitations in an opinion given significant weight, the ALJ is obliged to explain her reasons for rejecting portions of the opinion. *See Kande v. Commissioner*, 2020 U.S. Dist. LEXIS 120828 at *35 (S.D.N.Y. 2020) (remand is appropriate where ALJ failed to explain why medical opinion was given "significant weight" but the limitations it described were not included in the ALJ's RFC finding); *Mack v. Commissioner*, 2019 U.S. Dist. LEXIS 102606 at *8-10 (W.D.N.Y. 2019)(same). Furthermore, where vocational expert testimony conflicts with the DOT, the ALJ must reconcile the two. *See Murray v. Colvin*, 2016 U.S. Dist.

4

LEXIS 130610 at *41-*42 (W.D.N.Y. 2016) (a vocational expert's testimony should generally be consistent with the DOT: where there is an apparent conflict, the ALJ must "elicit a reasonable explanation for the conflict before relying on the [vocational expert's testimony]") (quoting Soc. Sec. Ruling 00-4p, 2000 SSR LEXIS 8 (2000)). Here, the ALJ failed to provide an explanation for rejecting portions of Dr. Rosenberg's opinion or for the apparent discrepancies between the vocational expert's testimony and the DOT here, and as such, remand is required.

### B.     Dr. Abbasi

In general, the opinion of a claimant's treating physician as to the nature and severity of his impairments is entitled to "'controlling weight' so long as it 'is well-supported . . . and is not inconsistent with the other substantial evidence in the case record.'" *Gough v. Saul*, 2020 U.S. App. LEXIS 949 at *2-*3 (2d Cir. 2020) (unpublished opinion) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

In determining whether to accord controlling weight to the opinion of a treating physician, factors to be considered by the ALJ include: (1) the nature and extent of the treatment relationship; (2) the evidence in support of the treating physician's opinion; (3) the consistency of the opinion with the record as a whole; and (4) whether the opinion is from a specialist. 20 C.F.R. § 404.1527(c). An ALJ's failure to apply the treating physician rule factors and give good reasons for declining to grant controlling weight is reversible error. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

Plaintiff's treating psychiatrist, Dr. Abbasi, rendered an opinion on September 5, 2017, based on over three years of in-home psychiatric treatment visits, which occurred in tandem with medication management visits from a visiting nurse. In a brief, single-page letter, Dr. Abbasi opined that plaintiff's inability to "withstand daily stress" resulting from his panic disorder,

agoraphobia and anxiety disorder prevented him from maintaining focus or concentration for more than 20% of the work day, and that plaintiff would likely miss more than one day of work per week due to his symptoms. (Dkt. #6 at 2090, 2118). The ALJ assigned "little" weight to Dr. Abbasi's opinion, reasoning that it was "conclusory and does not include an explanation" for the limitations it identified. The ALJ further found that Dr. Abbasi's opinion was inconsistent with plaintiff's "relatively benign findings" in his mental health treatment records, and with plaintiff's activities of daily living, which included family vacations to Colorado and Hawaii, an Alaskan cruise which included travel by train, and socializing or dining out with friends. (Dkt. #6 at 26).

The ALJ properly considered the factors relevant to the treating physician rule, explicitly noting that Dr. Abbasi was a treating physician, identifying his area of specialty (psychiatry), and discussing the length of treatment ("since August 2014").

Nonetheless, on review of the record, I conclude that the ALJ's finding that Dr. Abbasi's opinion was contradicted by other evidence of record – in particular, by treatment notes by Dr. Abbasi reflecting "relatively benign findings" and by plaintiff's activities of daily living – was not supported by substantial evidence.

Initially, the record was not sufficiently complete to permit the ALJ to meaningfully assess whether Dr. Abbasi's treatment notes supported his opinion: in response to the ALJ's request for records, Dr. Abbasi's office produced only a dozen pages of progress notes, representing just five monthly treatment visits by Dr. Abbasi to plaintiff's home in 2017, out of several years of treatment. (Dkt. #6-2 at 2009-21). Plaintiff's counsel later obtained a treatment plan summary from Dr. Abbasi's office, adding an additional 37 pages to the record, which generally summarized plaintiff's treatment goals and interventions, but did not purport to objectively assess his condition or describe his symptoms or limitations. (Dkt. #6-2 at 1871-1908). Because neither Dr. Abbasi's

6

opinion nor plaintiff's psychiatric treatment records provided sufficient information for the ALJ to properly assess whether and to what extent the treatment records supported or contradicted Dr. Abbasi's opinion, the ALJ was required to recontact Dr. Abbasi for clarification and/or to complete the record.

Furthermore, although a claimant's activities of daily living are properly considered by an ALJ as "part of a holistic calculus" in determining a claimant's abilities, *Freund v. Berryhill*, 2019 U.S. Dist. LEXIS 49535 at *39 (S.D.N.Y. 2019), "it is well-settled that [s]uch activities do not by themselves contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 69 (N.D.N.Y. 2012) (internal quotation marks omitted) (quoting *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000)). *See also Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[w]e have stated on numerous occasions that 'a claimant need not be an invalid to be found disabled' under the Social Security Act"). Thus, where an ALJ concludes that a claimant's activities of daily living are inconsistent with a medical source's opinion, the ALJ is required to explain how the claimant's activities exceed the limitations described in the opinion. *See McCall v. Colvin*, 2017 U.S. Dist. LEXIS 22250 at *42 (W.D.N.Y. 2017).

Here, the ALJ found, without elaboration, that plaintiff's having occasionally accompanied family members on vacation, and having socialized or dined out with friends, was inconsistent with the nature and extent of the limitations opined by Dr. Abbasi (inability to attend and concentrate for more than 20% of the day, and/or likelihood of missing work 1 day per week due to symptoms). Because plaintiff's participation in family vacations and sporadic social gatherings does not, on its face, conflict with the limitations in concentration, focus and attendance that Dr.

Abbasi opined, those activities do not furnish good reasons for the ALJ to have rejected Dr. Abbasi's opinion. Remand is therefore appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #8) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is denied. The ALJ's decision is reversed, and the matter is remanded for further proceedings consistent with this opinion. On remand, the ALJ is directed to reassess Dr. Rosenberg's opinion concerning plaintiff's exertional limitations and/or to order additional consultative examinations as appropriate, in order to produce a new decision which reconciles any and all conflicts between credited physician opinions, the ALJ's RFC finding, and the abilities necessary to perform the positions, if any, identified by a vocational expert.

The ALJ is further instructed to reassess the opinion of plaintiff's treating mental health care provider, Dr. Abbasi, recontacting him for clarification, and seeking to obtain complete records concerning plaintiff's mental health treatment.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 22, 2020.